# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSMAN NURI OZSUSAMLAR,<br><br>      Petitioner,<br><br>   v.<br><br>PAUL COPENHAVER,<br><br>      Respondent. | Case No. 1:13-cv-00422-SAB (HC)<br><br>ODER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO FILE A FIRST AMENDED PETITION WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER<br><br>(ECF No. 1) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on March 22, 2013. Petitioner is challenging a prison disciplinary violation which resulted in 27 days of credit loss.

## I.

## DISCUSSION

**A.   Screening of Petition**

The Rules Governing Section 2254 cases in the United States District Courts are applied to petitions filed pursuant to 28 U.S.C. § 2241. Habeas Corpus Rule 1(b). Rules 4 of the Rules Governing Section 2254 cases requires the Court to make a preliminary review of each petition. The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court…." Habeas Corpus Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition (1) specify all grounds for relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient. The petition must set forth facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to a motion to dismiss, or after an answer to the petition has been filed. Rule 8, Advisory Committee Notes, 1976 Adoption; Herbst v. Cook, 260 F.3d 1039, 1042-1043 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.     Failure to State Cognizable Claims for Relief**

Petitioner indicates that he is currently an inmate at the United States Penitentiary in Atwater, California serving a sentence imposed in the Southern District of New York for one count of murder, one count of conspiracy of murder for hire, and one count of conspiracy extortion. (Pet. at 2.)

Petitioner complains that he received a disciplinary incident report pursuant to investigation report number 1601577. Petitioner contends that Bureau of Prison staff have retaliated against him for exercising his constitutional rights and are harassing him by treating him different than other inmates. Petitioner also contends the disciplinary hearing officer denied him the right to a Turkish translator. (Pet. at 3.)

Petitioner alleges that he exhausted the administrative remedies by filing four separate administrative appeals, which were all denied. (Pet. at 4.)

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges

the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Hernandez v. Campbell, 204 F.3d 861, 864-865 (9th Cir. 2000).  A challenge to the conditions of confinement must be brought by way of a civil complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In this instance, Petitioner appears to be attempting to set forth a claim that he was denied due process of law in connection with the disciplinary proceeding.  Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment.  Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent v. Hill, 472 U.S. 445, 454-455 (1984)).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence."  Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).  The "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder.  Hill, 472 U.S. at 455-456; Barnsworth v. Gunderson, 179 F.3d 771, 779 (9th Cir. 1990); Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987).  Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence.  Hill, 472 U.S. at 455; Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th

1  Cir. 1986).

2       Here, Petitioner has not set forth specific facts that point to a real possibility of
3  constitutional error in connection with the disciplinary hearing.  Petitioner has failed to provide
4  facts concerning the nature of the disciplinary charge, the evidence relied upon in determining
5  guilt, and the process undertaken with respect to the disciplinary charge.  Although Petitioner
6  alleges he was denied a translator which may give rise to a constitutional violation, Petitioner
7  does not provide supporting facts to make such determination.  Given the lack of information
8  regarding the underlying disciplinary finding, Petitioner must amend the petition to specifically
9  set forth facts pointing to a real possibility of constitutional error in connection with the
10 disciplinary proceeding.  Accordingly, Petitioner will be given leave to file a first amended
11 petition. Jarvis v. Nelson, 440 F.2d at 14.

12     **C.**    **Leave to Amend**

13      Petitioner is advised that failure to file a petition in accordance with this order (i.e. a
14 completed petition with cognizable federal claims clearly stated) within the allotted time will
15 result in an order dismissing the petition for failure to comply with a court order.  Petitioner is
16 advised that the amended petition must be complete in and of itself, must be entitled "First
17 Amended Petition," and it must reference the case number reflected in the caption of this order.

18 **II.**
19 **ORDER**
20      Based on the foregoing, it is HEREBY ORDERED that:
21     1.    The instant petition for writ of habeas corpus is DISMISSED;
22     2.    Within thirty (30) days from the date of service of this order, Petitioner may file a
23 first amended petition;
24 //
25 //
26 //
27 //
28

3. The Clerk of Court is directed to send Petitioner a blank form petition pursuant to 28 U.S.C. § 2241; and

4. Failure to comply with this order will result in dismissal of the petition for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **April 12, 2013**

UNITED STATES MAGISTRATE JUDGE