Osman N. Ozsusamlar
Name
Reg. no: 53271-054
Prison Number
U.S. Penitentiary- Atwater
P.O. Box 019001
Atwater, CA 95301
Address or Place of Confinement

FILED

MAY 16 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Note: If represented by an attorney, write attorney's name, address & telephone number

RECEIVED

# United States District Court
## EASTERN DISTRICT OF CALIFORNIA

MAY 16 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Osman Nuri Ozsusamlar
Full Name (First, Middle, Last)

Petitioner,

vs.

1- Federal Bureau of Prisons (FBOP)

2- Paul Copenhaver, Warden USP-Atwater
Name of Warden
(or other authorized person having custody of petitioner)

Respondent.

CASE NO. 1:13-cv- O422- SAB (HC)
(to be supplied by the Clerk of the
United States District Court)

**PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY**
"FIRST AMENDED PETITION."

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1._____ a conviction
2._____ a sentence
3._____ jail or prison conditions
4.___✓___ prison discipline
5._____ a parole problem
6._____ other

**CAUTION:** If you are attacking a federal conviction,
sentence or judgment, you must
first file a direct appeal or motion under
28 U.S.C. § 2255 in the federal court which
entered judgment.

---

**PETITION**

(1) Place of detention: United States Penitentiary - Atwater, California.

(2) Name and location of court which imposed sentence: Southern District of New York, New York.

(3) Offense(s) and indictment number(s) (if known) for the sentence imposed:
U.S. v. Ozsusamlar, 05cr. 1077 (PKL), 1 count Murder for Hire violation 18 USC§1958; 1 count Conspiracy Murder for Hire violation 18 USC§1958(b); and 1 count Conspiracy Extortion violation 18 USC§1951.

(4) The date the sentence was imposed and the terms of the sentence:

(5) What was your plea (check one):     Not guilty (✓)     Guilty ( )     Nolo contendere ( )

(6) Kind of trial (check one):     Jury (✓)     Judge only ( )

(7) Did you appeal from the judgment of conviction or the imposition of sentence:   Yes (✓)     No ( )

(8) If you did appeal, answer the following for *each* appeal:

FIRST APPEAL: Direct Appeal
Name of court: Southern District of New York / Court of Appeal 2nd Circuit
Grounds raised (list each):
1) Jurisdiction
2) Ineffective Assistance trial consul.

Result/Date of result: Denied.   November 23, 2009

SECOND APPEAL: 2255
Name of court: Southern District of New York.
Grounds raised (list each):
1) Jurisdiction.                          3) Ineffective Assistance Appeal Counsel
2) Ineffective Assistance trial Attorney  4) Confrontation Clause.
5) failure to investigate for a meaningful appeal.
Result/Date of result: Denied.   February 1, 2013.

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9) State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner. Summarize *briefly* the *facts* supporting each ground

**CAUTION:**   If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

→ GROUND ONE Violation of Constitutional Right Lack of Jurisdiction

by the Federal Bureau of Prisons (FBOP).

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

**CAUTION:** You must state *facts, not conclusions,* in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

On 5-9-2007. BOP Officials. Lt. R. Pasley, Officer A. Ambroise, DHO D. Garcia violated my constitutional rights and Due Process of Law by serving me with an incident report without jurisdiction to do so and not providing me with a Turkish interpreter at DHO hearing on 5-31-2007. See attached EXHIBIT # A incident report and DHO report.

➔ **GROUND TWO** Violation of Constitutional Right, Retaliation, Cruel and Unusual Punishment.

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

After I filed a timely appeal to the Regional Director for the outcome of the DHO hearing, in an effort to retaliate, the MDC-Brooklyn, NY Warden Cameron Lindsay provided a SAM restriction on 6-25-2007 for me to be sent to a Super Max (ADX) facility in Colorado, for a period of one year. On 5-12-08 the SAM restriction imposed was terminated. See Exhibit # B restriction dated 6-25-07 and termination 5-12-08. Inexcusably I was kept at the ADX for over the 3½ years by ADX Warden R. Wiley (see EXHIBIT #C. On 11-26-11, I was transfer to the this institution Mr. Vandenhover is violated my rights today.

## ADMINISTRATIVE APPEALS

(10) Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes (✓) . No ( ) If your answer is no, explain why not: _____

_____

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL.      Level of appeal: BP-8 Unit Team
Grounds raised (list each):
     1) Expunged or Exhausted incident report no: 1601577
     2) Effect all of impose sanction vacated /rectify for my FBOP file.
Result/Date of result: 4-6-2012, denied no remedy appeal for sanction.

SECOND ADMINISTRATIVE APPEAL      Level of appeal: BP-9 Warden's Office - Adm. Rem. no 689736-F
Grounds raised (list each):
     1) Expunged or Exhausted incident report no: 1601577 or 689736-F1
     2) Effect all of impose sanction vacated or rectify for my FBOP file record
Result/Date of result August 27, 2012. Rejected without any justification notice give to me and also Adm. Remedy no: 720420-F1 put in Adm. Remedy Request number.

THIRD ADMINISTRATIVE APPEAL      Level of appeal: BP-10 Western Regional Office
Grounds raised (list each):      Adm. Rem. No: 689736-R2

Adm. Rem. No:

1) Expunged or Exhausted incident report no: 1601577, or 689736-R2
2) Effect all of impose sanction vacated and rectify FBOP file record.

Result/Date of result: January 9, 2013 rejected.

Adm. Rem. no:

FOURTH ADMINISTRATIVE APPEAL    Level of appeal: BP-11, Central Office - 689736-A2

Grounds raised (list each):

Adm. Rem. no:

1) Expunged or Exhausted incident report no: 1601577 or 689736-A2
2) Effect all of impose sanction vacated and rectify FBOP file record

Result/Date of result: March 7, 2013 rejected

(11)    Is the grievance process completed?    Yes (✓)    No ( )

## PREVIOUS PETITIONS

(12)    Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

Yes (✓)    No ( )

(13)    If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court: U.S.D.C. - Eastern District of California.
Nature of proceeding: Order dismissing Petition for writ of Habeas Corpus with leave to file a
Grounds raised (list each):                First Amended Petition.
    1)    BOP staff have Retaliated against him for exercising his Const. Rights...
    2)    The disciplinary hearing officer denied him the right to a Turkish translator
Result/Date of result: 4-12-2013, Court order for First Amended Petition with 30 day.

SECOND PREVIOUS PETITION
Name of court: _____N/A._____
Nature of proceeding: _____
Grounds raised (list each):
    1)    _____
    2)    _____
Result/Date of result: _____

(14)    If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.
_____N/A._____
_____
_____
_____
_____
_____

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

(15)    Are you presently represented by counsel?

Yes (   )          No (✓)

If so, provide your attorney's name, address, and telephone number:

_____

_____

(16)    If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes (✓)          No (   )   See attached Order Authorizing in Forma Pauperis
                                                                    Status.

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

--- SEE ATTACH PETITIONER RELIEF.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

May 10, 2013.                              _____
(Date)                                        (Signature of Petitioner)
                                              Osman Nuri Ozsusamlar, #53271-054.

_____
(Signature of Attorney, if any)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSMAN NURI OZSUSAMLAR , | 1:13–CV–00422–SAB (HC) |
| Petitioner, | ORDER AUTHORIZING IN FORMA PAUPERIS STATUS |
| vs. | |
| FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 1915, petitioner is hereby AUTHORIZED to proceed in forma pauperis. The petition will be screened in due course.

SO ORDERED.

DATED: 3/25/13

/s/ Stanley A Boone
United States Magistrate Judge

## PETITIONER RELIEF

Petitioner respectfully request this Honorable Court for "Prospective Relief" as an injunction:

1- For the Court ordering the RESPONDENT(s) to expunge the code 203 disciplinary incident report no: 1601577;

2- Replace the 27 days loss of Good Conduct Time (GCT) credits;

3- Federal Bureau of Prisons inmate "Discipline Data" section rectify with impose other section file sanction / restriction;

4- Termination of harassing behavior and improve my conditions in the Federal Bureau of Prisons (FBOP) and an immediate stop of violation of my Constitutional Rights treat me like a regular other inmate;

5- My father Mustafa Ozsusamlar, Reg. no: 18188-050, correspondence rights violateing without any reason just to abuse, harass, and discrimination matter "I saw ADX Florence, CO super max prison including terrorist charge inmate contact family member including co-defendant" still today I have been not contact with my father over 6 years. Because BOP using excused this disciplinary incident report and SAM's restriction matter stop correspondence with my father. This Court shall be compel BOP further notice correspondence with my father Mustafa Ozsusamlar.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Osman Nuri Ozsusamlar,      |

        Petitioner,      | Case no :

      vs.      | 1: 13 cv. 0422-SAB(HC)

1- Federal Bureau of Prisons  |

2- Paul Copenhaver, Warden   |

        Defendant      |

                 |

MEMORANDUM IN SUPPORT OF PETITION 28 USC §2241

## GROUND ONE

On 5/7/07 I mailed a letter to my trial judge. The letter was not intercepted by BOP officials. The letter was received at the court. Days later BOP officials named in ground one of this petition, provided me with a BOP code 203 incident report #1601577 for threatening another with bodily harm. I was never charged for this alleged incident at court. They stated in the incident report, "This type of behavior not be tolerated 'in' the institution". This letter was never intercepted at the institution, it was approved to go out to the postal service. The BOP had no jurisdiction to take court matters into their own hands and they had no right to provide me with an incident report. At the DHO hearing I requested an interpreter and it was verbally denied. The BOP officials named in ground one stated that it was impossible for me to

obtain an interpreter and stated, "nobody speaks Turkish in this institution". Without my knowledge they documented that my due process rights were read and reviewed with me by the DHO at the time of the hearing. The DHO stated that I agreed to understanding my rights. This is an impossible statement because at the time I did not speak, comprehend, write or read English. The DHO also falsely stated that I waived my right to show documentary evidence nor present witnesses or staff representatives.

## GROUND TWO

Today May 10, 2013, my incoming and outgoing mail are being delayed by approximately (3) months by Atwater SIS staff Mr. Vandenover.

In an attempt to resolve my situation, I approached Mr. Vandenover and I asked about the reasons for this to be occurring to me. He stated, "You are on the 'hot list' for the code 203 incident report". Also I tried to get a job in the institution. I was told by other BOP officials that Mr. Vandenover put a restriction stating that I cannot be employed in this institution, and even if I do get a job, I will not get paid like the other inmates.

My father, Mustafa Ozsusamlar, is my co-defendant in my criminal case. Mr. Vandenover has also placed a restriction against my father and I (my father is my only relative in this country). We have not been able to communicate via mail nor e-mail after my sentence in 9/18/07. Also, this false restriction due to the incident report, has kept my custody

classification at USP level. With only (9) classification
points I am supposed to be placed at Camp facility prison.

First Amendment violations:

                1.) Mail Regulations;

                2.) Intemate Association;

                3.) Retaliatory Conduct.

Fourteenth Amendment Violations:

                1.) Procedural Due Process Clause;

                2.) Disciplinary Sanctions;

                3.) Refusal of Lay Advocate Assistance;

                4.) Lack of Sufficient Evidence;

                5.) Equal Protection Rights.

Eighth Amendment Violations:

                1.) Cruel and Unusual Punishment.

Violation of:

                1.) Deprivation of Constitutional
Right to Access to the Courts (Suffering actual injury to
existing or contemplated litigation due to the prisons failure
to provide legal assistance).

I sworn and certify that all the above is all true
and correct under penalty of perjury pursuant to 28 U.S.C.
§1746; and 18 U.S.C. §1621. State of California, County of
Merced, and City of Atwater.

Respectfully Submitted

Today this date May 10, 2013.

Osman Nuri Ozsusamlar

Reg. no: 53271-054

U.S.P.- Atwater

P.O. Box  019001

Atwater, CA 95301

In Propria Persona

cc : File

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Osman Nuri Ozsusamlar

v.

Case Number: 1:13-cv-0422-SAB(HC)

1-Federal Bureau of Prisons

## PROOF OF SERVICE

2- Paul Copenhaver, Warden

I hereby certify that on ___May 10, 2013___, I served a copy

of the attached "First Amended Petition" with "Memorandum in Support Petition"

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

_____:

(List Name and Address of Each
Defendant or Attorney Served)

Office of the Clerk
U.S.D.C. - Eastern District of California
U.S. Courthouse Building.
2500 Tulare Street, Room 1501
Fresno, CA 93721-2201

I declare under penalty of perjury that the foregoing is true and correct.

Osman Nuri Ozsusamlar #53271-054.
(Signature of Person Completing Service)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Osman Nuri Ozsusamlar, |

       Petitioner,    | Case no :

    vs.           | 1: 13 cv. 0422-SAB(HC)

1- Federal Bureau of Prisons, |

2- Paul Copenhaver, Warden,  |

       Respondent.  |

                    |

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO

28 U.S.C. §2241 BY A FEDERAL PRISONER IN CUSTODY

" FIRST AMENDED PETITION "

This petition concerns: PRISON DISCIPLINE

## PARTIES

A-)     PETITIONER: Osman Nuri Ozsusamlar, federal inmate register no: 53271-054. Currently address U.S.P.- Atwater, P.O. Box 019001, Atwater, California 95301.

B-)     RESPONDENT: Federal Bureau of Prisons (BOP). Currently address is, 320 First Street, N.W., Washington, D.C. 20534.

C-)     RESPONDENT: Paul Copenhaver, Warden U.S.P.- Atwater. Currently address is P.O. Box 019001, Atwater, CA 95301.

## JURISDICTION

Petitioner is a federal prisoner placed at United States Penitentiary (U.S.P.)- Atwater proceeding In Propria Persona, with his First Amended Petition pursuant to this Courts Order dated April 12, 2013; This Honorable Court has jurisdiction pursuant to the United States Constitution-Article 1, Section 9, Clause 2, codified at Title 28 U.S.C. § 2241. This Court further has jurisdiction over the custodian at U.S.P.- Atwater, California.

## CAUSE OF ACTION/CLAIM

Whereas, the Federal Bureau of Prisons Officials (BOP) has violated own program statement 3420.09, Standards of Employee Conduct [... the change in attachment a modifies the definition of " RECKONING PERIOD" to conform with the Department of Justice order pertaining to disciplinary and adverse actions and added and addition offense (#54), "FAILURE TO REPORT A VIOLATION OF STANDARDS OF CONDUCT, OR RETALIATION OR DISCRIMINATION AGAINST THOSE WHO MAKE SUCH A REPORT."]. Also BOP Officials has violated my Constitutional and Statutory Rights;

First Amendment Violations:

       1-) Mail Regulations;

       2-) Intemate Association;

       3-) Retaliatory Conduct,

Fifth Amendment Violation:

       1-) Procedural Due Process Clause;

       2-) Disciplinary Sanctions;

       3-) Refusal of Lay Advocate Assistance;

4-) Lack of Sufficient Evidence;

5-) Fifth Amendment Protection Rights.

Eighth Amendment Violations:

1-) Cruel and Unusual Punishment.

Violation of:

1-) Deprivation of Constitutional Rights to Access to the Courts (suffering actual injury to existing or contemplated litigation due to the prisons failure to provide legal assistance). Thereby causing an undue hardship on this Petitioner and causing a loss of his liberty interest in his Statutory Good Time Credits. See, Gwinn v. Awmiller, 354 F3d 1211, 1217 (10th Cir. 2004) the court held: liberty interest in ability to earn good time credits...

## LIBERAL CONSTRUCTION

Petitioner is proceeding in Pro Se in this Habeas Corpus Petition without the aid of counsel. Petitioner request for a modicum of liberal construction in his Pleadings, Facts, Argument, and Authorities. See, Haiens v. Kerner, 404 U.S. 519 , 520 (1972).

## STATEMENT OF CASE

GROUND ONE:

On 5/7/07 I mailed a letter to my trial judge see [EXHIBIT # 1]. The letter was not intercepted by BOP officials. The letter was received at the court. Days later BOP officials named in "FACT" of this petition, provided me with a BOP code 203 incident report #1601577 for threatening another with bodily harm. I was never charged for this alleged

incident at court see [EXHIBIT # 2]. They stated in the incident report,"This type of behavior will not be tolerated 'in' the institution". This letter was never intercepted at the institution, it was approved to go out to the postal service. The BOP had no jurisdiction to take court matters into their own hands and they had no right to provide me with an incident report. At the DHO hearing see [EXHIBIT # 3], I requested an interpreter and it was verbally denied. The BOP officials named in "FACT" stated that it was impossible for me to obtain an interpreter and stated,"nobody speaks Turkish in this institution". Without my knowledge they documented that my due process rights were read and reviewed with me by the DHO at the time of the hearing. The DHO stated that I agreed to understanding my rights. This is an impossible statement because at the time I did not speak, comprehend, write or read English. The DHO also falsely stated that I waived my right to show documentary evidence nor present witnesses or staff representatives.

GROUND TWO:

Today May 10, 2013, my incoming and outgoing mail are being delayed by approximately (3) months by Atwater SIS staff Mr. Vandenover.

In an attempt to resolve my situation, I approached Mr. Vandenover and I asked about the reasons for this to be occurring to me. He stated, "You are on the 'hot list' for the code 203 incident report". Also I tried to get a job in the institution. I was told by other BOP officials that Mr. Vandenover put a restriction stating that I cannot be employed

in this institution, and even if I do get a job, I will not get paid like the other inmates.

My father, Mustafa Ozsusamlar, is my co-defendant in my criminal case. Mr. Vandenover has also placed a restriction against my father and I (my father is my only relative in this country). We have not been able to communicate via mail nor e-mail after my SAM's restriction in 6/25/07.

Also, this false restriction due to the incident report, has kept my custody classification at USP level prisons. With only (9) classification points (really correct points is just 6). I am supposed to be placed at a Camp facility. Also this disciplinary incident report matter has raised my Custody level to MAX which is not fit for BOP program statement P-5100.08, and have been never fixed by BOP officials.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

Have you presented the claims raised in this petition to prison officials in a prison administrations appeal?

[X] YES.

If your answer is yes, answer the following for each administrative appeal:

FIRST ADMINISTRATIVE APPEAL   Level of appeal: BP-8 Unit Team

Grounds raised (list each):

1.) Expunged or Exhausted disciplinary incident report no: 1601577;

2.) Effect all impose sanction vacated / rectify for FBOP file.

Result/Date of result: April 6, 2012, denied no remedy appeal for sanction.

SECOND ADMINISTRATIVE APPEAL    Level of appeal: BP-9 Warden's Office Adm. Rem. no: 689736-F2.

Ground raised (list each):

1.) Expunged or Exhausted disciplinary incident report no: 1601577, or Adm. Rem. No: 689736-F1;

2.) Effect all of imposed sanctions vacated or rectify for Petitioner FBOP file records.

Result/Date of result: August 27, 2012, Rejected without any justification notice and also Adm. Rem. no: 720420-F1 put in Adm Rem. request number.

THIRD ADMINISTRATIVE APPEAL    Level of appeal: BP-10 Western Regional Office Adm Rem. no: 689736-R2.

Ground raised (list each):

1.) Expunged or Exhausted disciplinary incident report no: 1601577, or Adm. Rem. no: 689736-R2;

2.) Effect all of impose sanction vacated and rectify FBOP file records.

Result/Date of result: January 9, 2013, Rejected.

FOURTH ADMINISTRATIVE APPEAL    Level of appeal: BP-11, Central Office Adm. Rem. no: 689736-A2.

Grounds raised (list each):

1.) Expunged or Exhausted disciplinary incident report no: 1601577, or Adm. Rem. no: 689736-A2;

2.) Effect all of impose sanction vacated and rectify FBOP file records.

Result/Date of result: March 7, 2013, Rejected.

Whereas, the Petitioner has exhausted his

Administrative Remedies to bring his claim before this
Honorable Court by habeas Petition.

### FACTS

A.) On May 7, 2007, inmate Michael Lair drafted the
letter for the court for me and I rehandwrote the letter to go
to the District Court Judge Leisure and Defense attorney
Franklin Rothman see [EXHIBIT # 1]. I placed it in a sealed
envelope with prepaid postage stamps deposited from MDC-
Brooklyn, New York jailhouse "LEGAL MAIL BOX";

B.) On May 9, 2007, time 7:00 pm from the BOP
Officials Lt. R. Pasley, Officer A. Ambroise gave me an
infraction charging conduct which they felt disrespected the
District Court Judge Leisure residing over my criminal case
put me in the SHU see [EXHIBIT # 2]. If this was a real issue
or a factual threat I would have been charged by a Federal
Court or by the United States Assistant Attorney. Which leads
to the conclusion that this matter has nothing to do with a
threat to a Judge or any other Federal or State person;

C.) On May 22, 2007 at 2:10 pm by the BOP staff
member Munoz given to me a notice of charge copy of the
Incident Report No: 1601577 see [EXHIBIT # 3];

D.) On May 31, 2007 time at 10:10 am, Disciplinary
Hearing Officer (DHO) D. Garcia held a hearing and violated my
Constitutional Rights by serving me with an disciplinary
incident report without jurisdiction to do so, and not
providing me with a Turkish interpreter at DHO hearing on May
31, 2007. DHO officer D. Garcia sentence me-[EXHIBIT# 3];

a-) 30 days disciplinary segregation (release

6/29/2007). Which I never receive until 11/29/2011.

b-) 175 loss visits ( 5/31/2007 -- 11/21/2007). Which deleted my proof visiting list until today no any visiting person show up my visit list and visit.

c-) 175 days loss phones (5/31/2007--11/21/2007)

d-) 175 days loss commissary ( suspended pending 180 days clear conduct). Which I never buy commissary stamps and hygiene upto entered at November 26, 2007, ADX Florence, Colorado super max prison .

e-) 27 days loss good conduct time (GCT) [disallow when available].

f-) ¶¶a-) through ¶¶e-) also upto today my mail, e-mail, custody level MAX, Public Safety Factor- Greater Severity, and Management Variable kept me many restriction and super max ADX prison or Max custody U.S.P. prison;

E.) On or about June 15, 2007, I did appealed DHO hearing Northeastern Regional Office Philadelphia, PA. Northeastern Regional Office rejected some matter I asked my MDC- Brooklyn, New York 3 North unit team (case manager name unknown, counselor name unknown, and unit manager Mr. Page) they are not help to cause fixed problem, and;

F.) On June 25, 2007, MDC- Brooklyn, New York Warden Cameron Lindsay give to me Special Administrative Measures (SAM) Pursuant to 28 C.F.R. §501.3(c) see [EXHIBIT # 4];

G.) On September 18, 2007, I was sentence to 188 months prison and Judge Leisure recommended NJ, NY, and PA area any prisons, but MDC- Brooklyn, NY Warden send me super max prison ADX Florence, CO;

H.) On May 16, 2008 ADX Florence, CO Warden R. Wiley

terminated/ vacated on my name SAM's restrictions see [EXHIBIT # 5];

I.) On November 29, 2011, I moved U.S.P.- Atwater, California Max prison, and I am currently served my federal sentence in this prison. Until today dated May 10, 2013 Warden Paul Copenhaver under name of SIS agent Mr. Vandenover kept me still worst than SAM's restrictions below. I ask Mr. Vandenover many times using excused this disciplinary incident report matter hold my mail 3 months, e-mail to 3 weeks. Institution staff member did not give me a job nor give me the same pay as to other inmate's, to earn less money. My custody points is very low 9 points which is camp prisons but holding me MAX custody prison no reason just abuse and harassing to me;

J.) U.S.P.- Atwater denied me contact my father Mustafa Ozsusamlar Reg. no: 18188-050 just my related family member in this country and my co-defender;

K.) Until today May 10, 2013 my Public Safety Factor: Greater Severity, Management Variable many times extending no charged and excused before BOP, Federal, or State Court its matter. Also custody level MAX denied fixed unit team or Warden's Office;

L.) On June 25, 2007 Started upto today days May 10, 2013 BOP Official using SAM's restriction matter I am NOT able to correspondence with my father and co-defendant [including my SAM's restriction not give mentioned any restriction with my father NOT correspondence].

ARGUMENT

On May 9, 2007, the Petitioner received a detention order from the BOP staff official A. Ambroise, that he was under investigation for violating the Bureau of Prisons regulations code 203 for threatening another with bodily harm or any other offense see [EXHIBIT # 2]. In Sum, this letter did not have any such threat's to kill, the Judge, and the Attorney, such as to their bodies, families, and/or friends.

However, the Petitioner's charge stayed the same as he was not served with notice until after a 24 hour period thereby violating his due process rights to the Constitution. See, Austin v. Wilkison, 372 F.3d 346, 355 (6th Cir. 2004). The Court Held: 1- Procedural due process claim calls for; 2- Pronged inquiry into whether inmate's liberty interest existed and, if so, whether deprivation occurred without due process. The date Petitioner was served with actual notice as to the charge was May 22, 2007. Petitioner however, was advised of his rights on May 24, 2007. Unless the official date of notice was May 9, 2007, but how would I know this if I don't understand English.

The staff official conducting the DHO hearing on May 31, 2007, refused to provide me with a translator, this request was not documented nor in the DHO Report. Petitioner was denied the right to have a translator in violation of his due process rights to the Constitution. Nevertheless, there is no evidence that petitioner sign a waiver as to his due process rights as allege in the DHO report. Surely, the Petitioner has a right to a translator during a disciplinary hearing see [EXHIBIT # 3].

Petitioner has a liberty interest in his statutory good time credits that were taken away by the DHO officer D. Garcia. See, Gwinn. Supra. The Court held: Liberty interest in ability to earn good time credit. However, the charge is illegal because it did not cause a threat to staff, inmates, or to the orderly running of the institution. If this was a serious matter the United States Assistant Attorney would have brought charges.

Basically, the BOP is retaliating against me for exercising the right to access the courts. See, 28 C.F.R. § 7.12 see [EXHIBIT # 6]. The BOP does not have jurisdiction over matters outside these walls. The mail left the institution by legal mail to the Judge and the attorney see [EXHIBIT # 2]. If the prosecutor wanted to file charges he would have done so pursuant to Title 18 U.S.C. § 1519. The BOP could have imposed regulations 410, but chose to apply 203 when there was no action taken place of the Judge and the attorney.

## AFFIDAVIT

I declare that the foregoing is true, correct, and complete to the best of my Information. So Help Me Allah (God).

## RELIEF REQUESTED

Petitioner respectfully request this Honorable Court for "PROSPECTIVE RELIEF" as an injunction:

1- For the court ordering the RESPONDENT(s) to expunge the code 203 disciplinary incident report no: 1601577;

2-     Replace the 27 days loss of good time credits

3-     Federal Bureau of Prisons inmate "Discipline Data" section rectify with impose other section file sanction / restriction;

4-     Termination of harassing behavior and improve my conditions in the BOP and immediate stop of violation of my Constitutional Rights treat me like a regular other inmate.

5-     My father Mustafa Ozsusamlar correspondence rights violateing without any reason just to abuse, harass, and discrimination matter "I saw ADX Florence, CO including terrorist charge inmate contact family member including co-defendant" still I have been NOT contact with my father over 6 years. Because BOP using excused this disciplinary incident report and SAM's restriction matter stop correspondence with my father. This Court shall be compel BOP further notice correspondence with my father Mustafa Ozsusamlar.


### CONCLUSION

WHEREFORE, this Honorable Court has jurisdiction pursuant to 28 U.S.C. § 2241; for prison disciplinary in violation of Petitioner's due process rights, and further that habeas corpus lies to test proceedings so fundamentally lawless that a federal prisoner is to suffer lost of his Constitutional and Statutory rights pursuant to the Fifth Amendment, and Eighth Amendment. See, Fay v. Noia, 372 U.S. 391 (1963).

NOTARY CERTIFICATION

I certify that all the above is all true and correct under penalty of perjury, Dated May 10, 2013, NOTARY, 28 U.S.C. §1746; and 18 U.S.C. §1621, in LIEU of NOTARY, State of California, County of Merced, and City of Atwater.

Osman Nuri Ozsusamlar

Register no: 53271-054

U.S.P.- Atwater

P.O. Box 019001, Atwater, CA 95301

## CERTIFICATE OF SERVICE

I, Osman Nuri Ozsusamlar hereby certify that I have served true and correct copy of the following:

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241 BY A PERSON IN FEDERAL CUSTODY "FIRST AMENDED PETITION"

MEMORANDUM IN SUPPORT OF PETITION 28 U.S.C. §2241.

Which is deemed filed at the time it was delivered to prison authorities for forwarding Houston v. Lack, 101 L.Ed. 2d. 245 (1988), upon the defendant and or his attorney of record, by placing same in a sealed, postage prepaid envelope addressed to:

Office of the Court Clerk

U.S.D.C.- Eastern District of California

U.S. Courthouse Building

2500 Tulare Street, Room 1501

Fresno, CA 93721-2201

and deposited same in the United States Mail at VIA First Class Mail at the U.S.P.-Atwater Mailroom Dept.

I declare under penalty of perjury [Title 28 U.S.C. §1746], that the foregoing is true and correct.

Dated this 10 days of May 2013.

Osman Nuri Ozsusamlar

Reg. no: 53271-054

U.S.P.- Atwater

P.O.  Box 019001

Atwater, CA 95301

In Propria Persona

cc : File

EXHIBIT INDEX

---

[EXHIBIT # 1]: Letter of the judge copy.

[EXHIBIT # 2]: Incident report investigation paper copy.

[EXHIBIT # 3]: DHO report copy three pages.

[EXHIBIT # 4]: SAM's restriction first page copy.

[EXHIBIT # 5]: SAM's restriction terminated copy.

[EXHIBIT # 6]: 28 C.F.R.§7.12, laws copy.

cc: File

May 7, 2007

Rothman, Schneider          Judge Peter K. LEISURE
Soloway & Stern, LLP     :     USDC - SDNY
100 Lafayette St Suite 501    500 Pearl St Room 1910
New York, NY 10003           New York, NY 10007

Re: USA V. OZSUSAMLAR
SI 05 Cr. 1077 (PKL)

Dear Mr. Soloway and Judge Leisure,

On May 3, 2006 and August 9, 2006 this Honorable Court did advized me to not sent to Court any more letters. My letters are the only thing gatting to truth.

I make all my arrangement to get information on my own. I tell you again this example.

At Court last week I give my Attorney my motion and objection to my PSR. It very detailed writth many pages. This week, Attorney mail me an old copy of the PSR and tell me to respond to him very soon. if there are any mistakes in PSR It's dated After we met in Court! That very stupid and lazy.

I still not have my 3500 material for information up to December, 30, 2006. Judge Leisure order the forensic report that Osuna not get. It clear to me Judge Leisure get money from Osuna to keep me here in prison.

I not write any more it not doing any good—

My appeal come back I get honest people then. I have friends now who are going to get information on all of you and get even for me. May 13 is comming soon.

Sincerely.

cc: File.
: AUSA Ms. Rocha.

Ozsusamler
Osman Ozsusamler
#53271-054
MDC-Brooklyn.
P.O. Box 329002
Brooklyn, NY 11232

P-S308.052 ADMINISTRATIVE DETENTION ORDER CDFRMMAY 94

U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

MDC, BROOKLYN, NEW YORK
Institution

MAY 09, 2007/ 7:00 P.M.
Date/Time

TO        : Special Housing Unit Officer

FROM      : R. PASLEY, JR., Lieutenant , (Name/Title)          Unit: B-A

SUBJECT   : Placement of OZSUSAMLAR, OSMAN Reg. No 53271-054 in Administrative Detention

_____ (a)  Is pending a hearing for a violation of Bureau regulations;

___XX____ (b)  Is pending investigation of a violation of Bureau regulations;

_____ (c)  Is pending investigation or trial for a criminal act;

_____ (d)  Is to be admitted to Administrative Detention

_____ (1) Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: _____

Staff Witness Printed Name Signature: _____

_____ (2) Since a serious threat exists to individual's safety as perceived by
staff, although person has not requested admission; referral of the necessary information
will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e)  Is pending transfer or is in holdover status during transfer.

_____ (f)  Is pending classification; or

_____ (g)  Is terminating confinement in Disciplinary Segregation and has been ordered
into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's
continued presence in the general population poses a serious threat to life, property,
self, staff, other inmates, or to the security or orderly running of the institution
because*

You have been placed in administrative detention for pending an SIS for code 203 threatening
another with bodily harm or any other offense. This type of behavior will not be tolerated
in the institution.

The inmate received a copy of this Order on (date / time) 05-09-2007/ 7:00 P.M.

Staff Witness Signature/Printed Name A. Ambroise, C.O. / A. Ambroise  Date 05-09-2007

*In the case of DO action, reference to that order is sufficient.  In other cases, the
officer will make an independent review and decision, which is documented here.
Record Copy - Captain;
Copy - Inmate Concerned; Copy - Administrative Detention Unit; Copy - Unit Manager;
Copy - Special Investigative Supervisor
(This form may be replicated via WP)                    Replaces BP-308(52) of JAN 88

# DISCIPLINE HEARING OFFICER REPORT
## U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| INSTITUTION | MDC Brooklyn | INCIDENT REPORT NUMBER | | 1601577 |
|---|---|---|---|---|
| INMATE NAME | Ozsusamlar, O | REG. NO. 53271-054 | UNIT | B |
| DATE OF INCIDENT | 5/9/07 | DATE OF INCIDENT REPORT | | 5/22/07 |
| OFFENSE CODE(S) | 203 | | | |
| SUMMARY OF CHARGES | Threatening Another with bodily Harm | | | |

## I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date)  5/22/07  at  2:10pm  (by staff member)  Munoz.

B. The DHO Hearing was held on (date)  5/31/07  at (time)  10:10am

C. The inmate was advised of his/her rights before the DHO by (staff member):

Facey, Case Manager  on (date)  5/24/07  and a copy

of the advisement of rights form is attached.

## II. STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | x | No: | |
|---|---|---|---|---|

B. Inmate requested staff representative and  N/A  appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:  N/A.

| D. Staff representative | N/A | | was appointed. |
|---|---|---|---|

E. Staff representative statement:

I reviewed the incident report packet.

## III. PRESENTATION OF EVIDENCE

| A. Inmate admits | | denies | x | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

I have never had a problem with staff or inmates. The letter went to the judge. Yes this is my hand writing and signature. It also went to the attorney. I lost everything and was having problems. My friend went to get the transcript from the court. I never threatened anybody. Somebody else wrote it for me. My English is not that good. Somebody helped me but I do not remember who helped me.

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | | No: | x |
|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

N/A

3. The following persons requested were not called for the reason(s) given.

N/A

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Copy of handwritten letter addressed to Mr. Soloway and Judge Leisure dated 5/7/07 and signed by Osman Ozsusamalar #53271-054

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

IV. FINDINGS OF THE DHO

| X | A. The act was committed as charged. |
|---|---|
| | B. The following act was committed: |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. |

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

Your due process rights were read and reviewed with you by the DHO at the time of the hearing. You stated you understood your rights, had no documentary evidence to present and requested no witnesses. You also did not request the service of a staff representative. You then indicated that you were ready to proceed with your DHO Hearing.

The DHO finds that you committed the prohibited act of Code 203, Threatening Another with bodily harm. The finding is based on the written statement of the reporting officer that it was concluded on 5/22/07 that you threatened another person. Specifically, on 5/9/07, you addressed a letter to Judge Peter K. Leisure. IN the letter you made the following statements; I not write any more it not doing good. My appeal come back. I get honest people then. I have friends now who are going to get information on all of you and get even for me. May 13 is coming soon. A copy of the hand written letter was also relied upon.

During the hearing you stated, I have never had a problem with staff or inmates. The letter went to the judge. Yes this is my hand writing and signature. It also went to the attorney. I lost everything and was having problems. My friend went to get the transcript from the court. I never threatened anybody. Somebody else wrote it for me. My English is not that good. Somebody helped me but I do not remember who helped me.

Based on the reporting officer statement that it was concluded on 5/22/07 that you threatened another person. Specifically, on 5/9/07, you addressed a letter to Judge Peter K. Leisure. IN the letter you made the following statements; I not write any more it not doing good. My appeal come back. I get honest people then. I have friends now who are going to get information on all of you and get even for me. May 13 is coming soon. A copy of the hand written letter was also relied upon. Although you admit to sending the letter but deny threatening anyone, the DHO considered the greater weight of the evidence and finds you committed the prohibitive act of Code 203, Threatening Another with bodily harm.

VI. SANCTION OR ACTION TAKEN

Code 203
30 days disciplinary segregation (release 6/29/07)
75 days loss visits (5/31/07-11/21/07)

175 days loss phones (5/31/07-11/21/07)
175 days loss commissary (suspended pending 180 days clear conduct)
27 days loss GCT (disallow when available)

**VII. REASON FOR SANCTION OR ACTION TAKEN**

Threatening another with bodily harm as documented in this report will not be tolerated because it can result in violent confrontations which may lead to injuries to staff and inmates. This type of behavior is unacceptable and cannot be tolerated because it undermines the authority of staff and demonstrates a disregard for rules and regulations. This type of behavior disrupt the orderly operation of the institution by impeding staff's ability to perform their assigned duties, and if allowed to continue uncorrected, tends to encourage other inmates to participate in the same type of behavior.

You have been sanctioned to 30 days DS, 27 GCT, 175 days loss of visits, phones, and commissary (susp) to punish you for committing the prohibitive act code 203. To specifically address the DS time and loss of privileges, as DHO I have determined these sanctions to be warranted. These sanctions in the past have proven very effective in having individuals modify their behavior to acceptable standards. These sanctions have been imposed to deter you from future negative behavior and to again remind you that you are to abide by the rules and regulations of this institution and any BOP facility.

**VIII. APPEAL RIGHTS:** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

|  | Yes | X | No |  |
|---|---|---|---|---|

**IX. DISCIPLINE HEARING OFFICER**

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| D. Garcia |  | 5/31/07 |

| Report delivered to inmate by: | DATE |  | TIME |
|---|---|---|---|
|  | 6/1/ |  |  |

(This form may be replicated in WP)

Replaces BP-304(52) of JAN 88

Delivered via Institutional Mail_____



DATE: June 25, 2007

REPLY TO
ATTN OF: Cameron Lindsay, Warden

SUBJECT: Special Administrative Measures
Pursuant to 28 C.F.R. §501.3 (c)

TO: Inmate OZSUSAMLAR, Osman
Register No.:53271-054

Pursuant to 28 C.F.R. §501.3 (c), Special Administrative Measures (SAM) are being implemented regarding your confinement. The Bureau of Prisons adopted these special administrative conditions based on information of your proclivity for violence. There is a substantial risk that your communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons. Therefore, you are restricted in access to the mail, the media, the telephone and visitors. This SAM will commence immediately upon notice to you and will be effective for the period of one year.

SPECIAL ADMINISTRATIVE MEASURES (SAM)
Pursuant to 28 C.F.R. § 501.3 (c)
Inmate - Osman Ozsusamlar ("Ozsusamlar" or "inmate")

1. General Provisions:

   a. Adherence to Usual United States Marshal Service (USMS), Bureau of Prisons (BOP) and Detention Facility (DF) Policy Requirements - In addition to the below-listed SAM, you must comply with all usual USMS, BOP, and non-BOP DF policies regarding restrictions, activities, privileges, communications, etc. If there is a conflict between USMS/BOP/DF policies and the SAM, as set forth herein, where the SAM is more restrictive than usual USMS/BOP/DF policies, then the SAM shall control. If usual USMS/BOP/DF policies are more restrictive than the SAM, then USMS/BOP/DF policies shall control.

   b. Interim SAM Modification Authority - During the term of this directive, the Director, Office of Enforcement Operations (OEO), Criminal Division, may modify

-1-



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
☒ *Administrative Maximum Security Institution*
☐ *High Security Institution*
☐ *Medium Security Institution*
☐ *Minimum Security Institution*

---

*Office of the Warden*                    Florence, CO 81226

May 16, 2008

MEMORANDUM FOR  OSMAN OZSUSAMLAR, REGISTER NUMBER 53271-054

FROM:              R. Wiley, Warden

SUBJECT:          Vacation of Special Administrative Measures

The purpose of this memorandum is to notify you that the Federal Bureau of Prisons received notification that the Special Administrative Measures (SAM) imposed on you are vacated.  The restrictions of the SAM that were in place for you are no longer in effect.

Received: ~~May~~ *June* 4 , 2008

Osman Ozsusamlar
Register Number 53271-054

## Constitutional Rights

A corrections officer warned a prisoner that if he did not become an informant, bad things would happen to him, including transfer to a less desirable part of the prison. The prisoner reported the alleged threat by a letter addressed to a United States District Judge who was presiding over pending prison litigation. As a result, the prisoner was issued a disciplinary charge for defiance. The constitutional right of access to the courts was violated by this retaliation.[112]

The necessary elements of a retaliation claim are: (1) a prison official acting under color of state law; and (2) intentional retaliation for the exercise of a constitutionally protected activity. The law is clearly established that a prison official may not retaliate against or harass an inmate for exercising the right of access to the courts.[113] Even the prison officials candidly conceded that this was a claim of constitutional proportions that is actionable. Further, the court determined that there was no immunity defense.

To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive, the incident would not have occurred.[113] This places a significant burden on the inmate. Mere conclusory allegations of retaliation will not withstand a summary judgment challenge.[114] The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

The Fifth Circuit in *Woods* v. *Smith* remained fully supportive of the proposition that although prison officials must have wide latitude in the control and discipline of inmates, such latitude does not encompass conduct that infringes on an inmate's substantive constitutional rights. However, the court agreed with the Fourth Circuit when it cautioned that the prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties and that claims of retaliation must therefore be regarded with skepticism, lest the federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.[115]

---

Prison officials applied a policy in a way that discriminated against inmates on the basis of the content of their legal materials. The real motive of the prison officials, who prevented third-party legal materials from being delivered, was to suppress materials that embarrassed the Department of Corrections and educated inmates on how to file their claims.[116]



EXH # 1