1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSMAN NURI OZSUSAMLAR, | Case No. 1:13-cv-00422-SAB (HC) |
| Petitioner, | ORDER DISMISSING GROUND TWO OF FIRST AMENDED PETITION AND DIRECTING RESPONDENT TO FILE A RESPONSE TO GROUND ONE OF THE FIRST AMENDED PETITION |
| v. | |
| PAUL COPENHAVER, | |
| Respondent. | [ECF No. 9] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge. Local Rule 302.

Petitioner filed the instant petition for writ of habeas corpus on March 22, 2013. On April 12, 2013, the Court dismissed the petition and granted Petitioner leave to amend.

On May 16, 2013, Petitioner filed a first amended petition.

## I.

## DISCUSSION

### A.    Screening of Petition

The Rules Governing Section 2254 cases in the United States District Courts are applied to petitions filed pursuant to 28 U.S.C. § 2241. Habeas Corpus Rule 1(b). Rules 4 of the Rules

1

Governing Section 2254 cases requires the Court to make a preliminary review of each petition. The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Habeas Corpus Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to a motion to dismiss, or after an answer to the petition has been filed. Rule 8, Advisory Committee Notes, 1976 Adoption; Herbst v. Cook, 260 F.3d 1039, 1042-1043 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Challenge to Disciplinary Proceedings/Ground One

Petitioner indicates that he is currently an inmate at the United States Penitentiary in Atwater, California serving a sentence imposed in the Southern District of New York for one count of murder, one count of conspiracy of murder for hire, and one count of conspiracy extortion. (Am. Pet. at 2.)

Petitioner complains that he received a disciplinary incident report pursuant to investigation report number 1601577. Petitioner contends that Bureau of Prison staff have retaliated against him for exercising his constitutional rights and are harassing him by treating him different than other inmates. Petitioner also contends the disciplinary hearing officer denied him the right to a Turkish translator. (Am. Pet. at 3.) As a result of the disciplinary violation, Petitioner suffered, *inter alia*, a loss of custody credits. (Am. Pet. at 7.)

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-865 (9th Cir. 2000).

In this instance, Petitioner has set forth a claim that he was denied due process of law in connection with the disciplinary proceeding. Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)). The "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. Hill, 472 U.S. at 455-456; Barnsworth v. Gunderson, 179 F.3d 771, 779 (9th Cir. 1990); Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987). Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence. Hill, 472 U.S. at 455; Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir. 1986).

The Court finds Petitioner has raised a sufficient constitutional challenge and Respondent will be ordered to file a response to this claim.

### C. Failure to State Cognizable Claim/Ground Two

In ground two of the amended petition, Petitioner contends that his incoming and outgoing mail is being delayed by prison staff in violation of his constitutional rights.

A federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). However, a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); see also Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of petition challenging the conditions of confinement noting "The writ of habeas corpus is limited to attacks upon the legality or duration of confinement.").

The fact that Petitioner's incoming and outgoing mail is being delayed by prison staff is not cognizable by way of § 2241. See e.g., Witherow v. Paff, 52 F.3d 264, 265-266 (9th Cir. 1995) (First Amendment challenge regarding sending or receiving mail cognizable by way of a civil rights complaint); Greenhill v. Lappin, 326 Fed. Appx. 757 (9th Cir. 2010) (claim of mishandling of mail should be brought as civil rights claim under Bivens, not habeas corpus). Because this claim does not challenge the fact or duration of Petitioner's confinement, it must be dismissed to refiling by way of some other legal avenue.

## II.

## ORDER

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court HEREBY ORDERS:

1.      Ground Two of the First Amended Petition is DISMISSED from the action for failure to state a cognizable claim pursuant to § 2241;

2.      Respondent SHALL FILE an ANSWER addressing the merits of Ground One of the First Amended Petition within SIXTY (60) days of the date of service of this order. Respondent shall include with the response any and all transcripts or other documents relevant to

4

the resolution of the issues presented in the petition, including copies of appeals taken by a prisoner within the prison and before the Bureau of Prisons. Rule 5 of the Rules Governing Section 2254 Cases. The Court recognizes that Counsel on behalf of the Government and/or the Institution may wish to respond on separate issues raised in the Petition. However, the Court will accept only one (1) "Answer." Such Answer SHALL CONTAIN all argument with respect to all of the issues raised in the Petition, whether formulated by Counsel for the Government or the Institution.

3. Respondent SHALL FILE a Notice of Appearance within TWENTY (20) days of the date of service of this Order. The Notice SHALL indicate the name of the individual(s) who will be representing the Government and/or the Institution. The Notice is necessary to ensure that the appropriate counsel for Respondent is being served by the Court. The submission of the Notice of Appearance will terminate Court service on those listed in paragraph 4.

4. Petitioner's TRAVERSE, if any, is due on or before THIRTY (30) days from the date Respondent's Answer is filed.

5. The Clerk of the Court SHALL serve a copy of this Order along with a copy of the Petition and all exhibits on the Office of the United States Attorney for the Eastern District of California, an agent for the appropriate Correctional Institution if applicable, and the United States Bureau of Prisons.

//

//

//

//

//

//

//

//

//

//

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.   Local Rule 230(l).   All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:    **May 20, 2013**

_____
UNITED STATES MAGISTRATE JUDGE